## WHEELER v. NURSE.

Where the terms of a contract are express and certain, usage cannot be received to give a different effect to it from what its words clearly import; for, whatever usage may exist, the parties appear to have made their contract without regard to it.

A contract in writing, to keep and return certain sheep, shall not be shown by parol to have been intended to be a contract to return an equal number of sheep of a like quality.

ASSUMPSIT. The declaration alleged that on the 4th day of December, 1839, in consideration that the plaintiff had, at the request of the defendant, bargained with the defendant to deliver to him twenty-five sheep, of the value of $31.25, the defendant promised to receive the sheep and keep them one year, and return them, or the same number of sheep, and as good, and pay the plaintiff also one pound of wool for each during the said year. It was then alleged that the sheep were delivered by the plaintiff, but that the defendant did not return them, nor deliver the wool, as aforesaid. The plea was the general issue.

The plaintiff offered in evidence a paper, of which the following is a copy:

"December 4, 1839. This certifies that John Nurse, Jr., has taken twenty-five sheep of Vespasian Wheeler, at one pound a head, and is to return them in one year from date.                     JOHN NURSE, JR."

This paper is endorsed as follows: "December 6, 1840. Received eighteen sheep on the within."

The plaintiff then offered to show by parol evidence that at the time the contract was made the plaintiff's construction of it was, that he was to have twenty-five sheep returned to him at all events, and so informed the defendant, but the evidence was ruled by the court to be incompetent. The plaintiff then proposed to prove that, in contracts like this, there is a custom or usage among farmers that the same number of sheep is to be returned. The counsel placed the admissibility of such evidence on

the ground that it was merely explanatory of the contract. The admission of the evidence was objected to by the defendant because it added to the contract a provision that the same number of sheep was to be returned at all events, and the evidence was excluded by the court.

A verdict was rendered for the defendant, which the plaintiff moved to set aside.

*Rand,* for the plaintiff.

*Bellows,* for the defendant.

WILCOX, J. By the terms of this contract, the defendant was to return the same sheep which he received. He had no right to return other sheep of a like quality. The plaintiff proposed to show that the contract in fact was, that he should return the same sheep, or the same number of sheep as good; and he proposed to establish this, first, by the parol declaration of the parties at the time, and, secondly, by proof of a custom or usage among farmers to that effect.

As to parol declarations, it is too clear for argument that they cannot be received to qualify or add to the written contract.

There are cases where usage may be received to aid in the construction of a contract ; but this is only where there is an ambiguity or uncertainty in the contract itself, or where the evidence relates to some incidents as to which the contract is entirely silent.

Where the terms of a contract are express and certain, usage cannot be received to give a different effect to the contract from what its terms clearly import ; because, whatever usage may exist, the parties may contract as they please. They may disregard the usage altogether; and it is to be inferred that such is their intention where the language of the contract is fixed, certain and determinate in its character.

*Judgment on the verdict.*